### J. DAN FREE v. THE CHAMPION FIBER COMPANY.

(Filed 21 May, 1909.)

**Master and Servant—Safe Appliances.**

> There being plenary evidence that plaintiff was free from blame and was injured in the course of his employment by defendant's negligence in furnishing him with a defective equipment or appliance with which to work, the verdict awarding damages to plaintiff, under a 'correct charge, was a proper one. (*Pressly v. Yarn Mills*, 138 N. C., 410, cited and approved.)

ACTION tried before *Guion, J.,* and a jury, at February Term, 1908, of HAYWOOD.

On issues submitted the jury rendered the following verdict:

1. "Was plaintiff injured by the negligence of the defendant?" Answer: "Yes."

FREE v. FIBER CO.

2. "Did plaintiff, by his own negligence, contribute to his injury?" Answer: "No."

3. "Did plaintiff voluntarily assume the risk?" Answer: "No."

4. "What damages, if any, is plaintiff entitled to recover?" Answer: "Three hundred dollars."

There was judgment on the verdict for plaintiff, and defendant excepted and appealed.

*W. B. Ferguson, J. W. Ferguson* and *Frank Carter* for plaintiff.

*Smathers & Morgan* for defendant.

PER CURIAM. In this case there was plenary evidence, on the part of plaintiff, tending to show that he was an employee of defendant company, engaged at the time in the proper performance of his duties, and was injured by reason of a defective equipment or appliance, disclosing a breach of duty on the part of defendant company, and that plaintiff himself was free from blame in the matter. The jury, under correct charge, have accepted the plaintiff's version of the occurrence, and, under numerous decisions of this Court, plaintiff's right of action is established. *Fearington v. Tobacco Co.,* 141 N. C., 80; *Pressly v. Yarn Mills,* 138 N. C., 410.

The case, in many respects, is not unlike the one last cited, *Pressly's case, supra.* It would serve no good purpose to write a minute and extended description of the machine and the defective appliance which caused plaintiff's injury, and we think it sufficient to say that we have carefully examined and considered the facts appearing in the record, and are of opinion that no error in the trial to defendant's prejudice was committed. The judgment below is therefore affirmed.

No Error.